UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SBA TOWERS II, L.L.C. AND VELOCITEL, INC. d/b/a FDH VELOCITEL | CIVIL ACTION NO. 6:15-cv-01798 |
| VERSUS | JUDGE DOHERTY |
| INNOVATIVE ANCHORING SYSTEMS, L.L.C. AND CLERK AND RECORDER FOR THE PARISH OF ST. MARTIN | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the Court is the motion to remand (Rec. Doc. 6), which was filed by the plaintiffs, SBA Towers II, L.L.C. and Velocitel, Inc. d/b/a FDH Velocitel. The motion is opposed. Oral argument was held on August 25, 2015. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

### Background

The plaintiffs in this lawsuit, SBA Towers and Velocitel, filed suit in Louisiana state court, seeking to cancel a lien that was allegedly recorded improperly against them in the official records of St. Martin Parish, Louisiana. The plaintiffs sued the St. Martin Parish Clerk of Court in her official capacity, and they also sued the

alleged judgment creditor, Innovative Anchoring Systems, L.L.C. They alleged that Innovative's lien is invalid because it improperly encumbers an ownership interest rather than SBA's leasehold interest in certain property and because it was not filed in a timely manner. They alleged that they are entitled to a writ of mandamus directing the St. Martin Parish Clerk of Court to extinguish the lien. They also seek to recover damages and attorneys' fees.

Innovative removed the suit to this forum, and the plaintiffs then filed the instant motion to remand.

## Analysis

In its removal notice, Innovative asserted that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold. Innovative alternatively alleged that this Court has federal-question jurisdiction under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."[1] Therefore, a removing defendant has the burden to show that the federal court to which it removed an action has subject-matter

---

[1] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

jurisdiction.[2] In this case, Innovative must bear that burden. The undersigned finds, however, that Innovative has not met its burden and cannot do so with regard to this action.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."[3] Therefore, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."[4] The primary relief sought by the plaintiffs in this lawsuit is a writ of mandamus directing the St. Martin Parish Clerk of Court to cancel a lien. The secondary relief sought is costs and attorneys' fees to which the plaintiffs would be entitled only if the primary relief was awarded. But this Court has no authority to award the primary relief sought; consequently, this Court has no jurisdiction over this action.

The federal mandamus statute, 28 U.S.C. § 1361, reads as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

---

[2] See, e.g., *Franklin v. State of Louisiana*, 247 F.3d 241 (5th Cir. 2001); *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000)

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998).

By its plain language, the statute restricts the mandamus power of a federal court to compelling officers, employees, and agencies of the federal government. The statute does not empower a federal court to compel states, state agencies, state officers, or state employees. This interpretation of the statute has been recognized and adopted in the jurisprudence. As noted by the Fifth Circuit, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."[5] Because the St. Martin Parish Clerk of Court is not a federal officer, employee, or agency, this Court lacks jurisdiction to issue a writ of mandamus to compel her to perform her alleged duties.[6]

---

[5] *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973), citing *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971), and *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). See, also, *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973) ("federal courts have no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"). See, also, *Robertson v. Judicial Adm'r, Louisiana Supreme Court*, No. 13-00698-BAJ-SCR, 2013 WL 6272574, at *2 (M.D. La. Dec. 4, 2013), appeal dismissed, No. 13-31261 (5th Cir. May 9, 2014); *Poche v. Harrington*, No. 07-235-LC, 2007 WL 2908934, at *3 (W.D. La. Aug. 29, 2007); *Westside-Marrero Jeep Eagle, Inc. V. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La., Apr. 17, 1998).

[6] See *Vance v. State of Louisiana*, No. 10-394-P, 2010 WL 4975650, at *1 (W.D. La. Oct. 18, 2010), report and recommendation adopted sub nom., *Vance v. Louisiana*, No. 10-394-P, 2010 WL 4975634 (W.D. La. Dec. 2, 2010).

Innovative relies upon *Royal Alice Properties, LLC v. Atkins*, No. 12-2937, 2013 WL 4434951 (E.D. La Aug. 14, 2013), arguing that this decision compels a different result. There, the federal district court denied a motion to remand an action, in which the plaintiffs sought to compel the Orleans Parish Clerk of Court to remove certain judgments from its records, finding that the parties were diverse in citizenship and the amount in controversy requirement was satisfied. This Court is not bound by the Eastern District of Louisiana's decision in *Royal Alice*, and the undersigned finds that decision to be anomalous and contrary to a large number of other reported decisions including but not limited to decisions from the Fifth Circuit Court of Appeals. More particularly, *Royal Alice* was a federal collection action in which federal judgment debtor examinations had occurred, and federal garnishments had been filed. The mandamus process was merely ancillary to the overall collection proceeding. In this case, however, the liens sought to be cancelled are not federal judgments or federal liens; instead, they arose from a Louisiana construction project and were recorded in state-court mortgage records pursuant to Louisiana law. Furthermore, mandamus is the primary form of relief sought in this case rather than an ancillary remedy. For these reasons, *Royal Alice* is distinguishable and not controlling.

Having found that the removing defendant has not established that this Court has jurisdiction over this matter, the undersigned need not evaluate whether the parties are diverse in citizenship and the amount in controversy satisfied nor whether a federal question was set forth in the plaintiffs' petition, and further discussion of those issues is pretermitted.

Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction over this action. Therefore,

IT IS ORDERED that the plaintiffs' motion to remand (Rec. Doc. 6) is GRANTED, and this action shall be remanded to the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs' motion seeking the recovery of costs, expenses, and attorneys' fees, which was incorporated in their motion to remand, is GRANTED, and the plaintiffs shall, not later than twenty-one days after the date of this order, submit an affidavit setting forth the costs, expenses, and attorneys' fees incurred in bringing this motion in accordance with the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

IT IS FURTHER ORDERED that this order shall be STAYED for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this order. If an appeal is taken to the District Judge,

this action shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk of Court shall remand the action forthwith.

Signed at Lafayette, Louisiana, this 25th day of August 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE