UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SBA TOWERS II, LLC., ET AL.                    *CIVIL NO. 6:15-1798

VERSUS                                                        *JUDGE DOHERTY

INNOVATIVE ANCHORING SYSTEMS,        *MAGISTRATE JUDGE HANNA
LLC., ET AL.

MEMORANDUM ORDER

By Memorandum Ruling dated August 25, 2015, the undersigned Magistrate

Judge awarded plaintiffs, SBA Towers II, LLC and Velocitel, Inc. d/b/a FDH Velocitel

(collectively "the plaintiffs")  reasonable attorneys' fees and costs and expenses

incurred in bringing their successful Motion to Remand. Accordingly, the plaintiffs

were ordered to file an affidavit to fix the amount of the award. [rec. doc. 13].

The plaintiffs have complied with this Court's Order filing  a Memorandum in

Support to establish the amount of their award attached to which are the affidavits of

plaintiffs' counsel, M. Brent Hicks ("Hicks") and Kimberly Higginbotham Lorio

("Lorio"), copies of itemized billing records and a statement of expenses claimed. [rec.

doc. 14-2 and 14-3].  Defendants Innovative Anchoring Systems, LLC ("Innovative")

and the Clerk and Recorder for St. Martin Parish (collectively "the defendants") have

filed Objections. [rec. doc. 16].

## FACTUAL BACKGROUND

The plaintiffs filed suit in Louisiana state court, seeking to cancel a lien that was allegedly recorded improperly against them in the official records of St. Martin Parish, Louisiana.  The plaintiffs sued the St. Martin Parish Clerk of Court in her official capacity, and they also sued the alleged judgment creditor, Innovative Anchoring Systems, L.L.C.  The plaintiffs alleged that they are entitled to a writ of mandamus directing the St. Martin Parish Clerk of Court to extinguish the lien.

Innovative removed the suit to this Court alleging both diversity and federal question subject-matter jurisdiction under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.  On August 25, 2015, the undersigned granted the plaintiffs' motion to remand finding that this Court lacks subject matter jurisdiction over this action, and more specifically, that this federal court lacks jurisdiction to issue a writ of mandamus to compel the St. Martin Parish Clerk of Court to perform her alleged duties.

## GUIDELINES FOR ATTORNEYS' FEES CALCULATION

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.  *See In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied,* 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994).  In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), the Fifth Circuit identified twelve

factors to be considered in determining an award of reasonable fees.  Although *Johnson*

was a civil rights case, the *Johnson* factors have been employed "whenever the award

of reasonable attorneys' fees is authorized by statute."  *Lawrence v. Morris*, 2011 WL

1304477, \*1 (W.D. La. 2011) *citing Dunkin Donuts Inc. v. Mercantile Ventures Inc.,*

1994 WL 720236, \*3 (W.D. Tex. 1994); *Dietz v. Dietz*, 2009 WL 1586713, \*1 (W.D.

La. 2009).

Under the "lodestar" analysis, the determination of reasonable attorneys' fees

involves a two-step procedure.  *Louisiana Power & Light Company v. Kellstrom,* 50

F.3d 319, 324 (5th  Cir. 1995) *citing Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939.

Initially, the district court must determine the reasonable number of hours expended on

the litigation and the reasonable hourly rates for the participating lawyers.  *Id*.  Then,

the district court must multiply the reasonable hours by the reasonable hourly rates.  *Id*.

The product of this multiplication is the lodestar, which the district court then either

accepts or adjusts upward or downward, depending on the circumstances of the case,

assessing the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc*.

*Wegner v. Standard Insurance Company,* 129 F.3d 814, 822 (5th Cir. 1997).

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the

novelty and difficulty of the questions; (3) the skill requisite to perform the legal

services properly; (4) the preclusion of other employment by the attorneys due to this

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

limitations; (8) the amount involved and the results obtained; (9) the experience,

reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and

length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19.  Many of the *Johnson* factors are subsumed within the

initial calculation of hours reasonably expended at a reasonable hourly rate, and should

not be double counted.  *Jason D.W.  by Douglas W. v. Houston Independent*, 158 F.3d

205, 209 (5th Cir. 1998).  Additionally, the Supreme Court has limited greatly the use of

the second, third, eighth, and ninth factors for enhancement purposes, and accordingly,

the Fifth Circuit has held that "[e]nhancements based upon these factors are only

appropriate in rare cases supported by specific evidence in the record and detailed

findings by the courts."  *Walker v. U. S. Department of Housing and Urban*

*Development,* 99 F.3d 761, 771-72 (5th Cir. 1996) *citing Alberti v. Klevenhagen,* 896

F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990) and

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565,

106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

        The fee applicant bears the burden of proving the reasonableness of the number

of hours expended on their prevailing claim.  *Leroy v. City of Houston,* 906 F.2d 1068,

1079 (5th Cir. 1990). Applicants do not have the right to bill for time on issues on which

they do not prevail.  *Walker*, 99 F.3d at 769.  The party seeking attorney's fees must

present adequately documented time records to the court. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993).  Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id*. *citing  Hensley,* 461 U.S. at 432-34, 103 S.Ct. at 1939.   Moreover, hours which result from the case being "overstaffed" or are "excessive, redundant or otherwise unnecessary", even though actually expended, are not hours reasonably expended and are to be excluded from the calculation. *Leroy*, 906 F.2d at 1079 *citing Hensley,* 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there should have been no compensation for hours spent in duplicative activity . . . .").  The time of two or three attorneys in a courtroom or conference when one would do may be discounted.  *Johnson*, 488 F.2d at 717.   Finally, the court may reduce the fee award where a party fails to meet his evidentiary burden.  *Hensley*, 461 U.S. at 433; *Von Clark*, 916 F.2d at 259; *Leroy*, 831 F.2d at 585-86 (reducing the lodestar for inadequate documentation).

## ANALYSIS

The plaintiffs seek $19,572.00 for legal services performed by Hicks and Lorio and costs and expenses of $2,297.10 consisting primarily of charges for Westlaw computerized legal research.

REASONABLE HOURS EXPENDED

A  review of all of the billing entries reveals that Hicks billed 19.2 hours at

$410.00 per hour and Lorio billed 39 hours at $300.00.

The defendants object to the "magnitude" of the fee application, arguing that a motion to remand was a "perfunctory procedural motion" which involved non-complex issues and was  "fairly routine."  Hence, they apparently contend that the preparation of the motion did not require the amount of legal work performed by defense counsel. They cite the brevity of the supporting memorandum (8 pages), and the fact that the reply, consisting of 6 pages, offered no new authority, but rather repeated the same 4 cases cited in the original memorandum.

The undersigned agrees that expending 58 hours of legal work to prepare and argue the instant  motion to remand is excessive.  This appears to be the result of Lorio researching issues for Hicks' review. These hours, though actually expended, nevertheless appear to be the result of the case being "overstaffed" and hence, are not hours "reasonably expended".  *See Leroy*, 906 F.2d at 1078-79 *citing Hensley*, at 1939-40.  The undersigned recognizes that a certain amount of duplication of effort is necessary in order for two attorneys to properly handle this type of litigation.  However, the amount of duplication appears to have exceeded reasonable bounds.  The repetitive efforts could have been reduced and in some cases eliminated had there been a single attorney involved in the preparation of the motion to remand.

The proper remedy for this lack of "billing judgment" is not preclusion, but

rather, reduction of the fees claimed. *See Hensley,* 461 U.S. 424 at 433*; Walker,* 99 F.3d at 770; *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990). A district court is not required to do a line by line analysis, but may make across the board cuts on a percentage basis. *See Maxwell*, 53 Fed. Appx. at 568; *Walker*, 99 F.3d at 770 *citing Leroy*, 831 F.2d at 586 (approving a percentage reduction of hours awarded); *Eli Lilly*, 264 F.Supp.2d at 775 (and cases cited therein); *Yamanouchi Pharmaceuticals*, 51 F.Supp.2d at 309 *citing Carey*, 711 F.2d at 1146 (courts may reduce the lodestar by a percentage cut "as a practical means of trimming fat from a fee application.").

In light of the above, a review of the billing statements submitted by plaintiffs indicates that a 20 % reduction of the compensable hours for fees claimed is appropriate. *Hensley,* 103 S.Ct. at 1939; *See also Maxwell, Walker, Leroy, Eli Lilly* and *Yamanouchi*, *supra*. Thus, the 19.2 claimed hours of Hicks is reduced to 15.4 hours, the 39 claimed hours of Lorio is reduced to 31.2 hours.

HOURLY RATE CLAIMED

Next, reasonable hourly rates for Hicks and Lorio must be determined. The plaintiffs object because the fees requested by Hicks and Lorio represent the usual and customary rates for the East Baton Rouge market, not the St. Martin or Lafayette Parish usual and customary rates. The undersigned agrees.

Attorneys' fees are to be calculated at the "prevailing market rates in the relevant

community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984).  A

reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc.,* 943

F.Supp. 663, 667 (W.D. La 1996).  The "relevant community" for the purpose of

awarding attorney fees is the judicial district in which the litigation occurred.  *Jordan v.*

*Allain*, 619 F.Supp. 98, 113 (N.D. Miss. 1985); *Eli Lilly*, 264 F.Supp.2d at 763-764

(collecting cases supporting the use of rates in the community where the forum court is

located).

Hicks has submitted the billing rate of $410.00 per hour.  He states by affidavit

that he is a partner in the law firm of McGlinchey Stafford, PLLC with 21 years of

commercial litigation experience.  Lorio  has submitted the billing rate of $300.00 per

hour. Lorio states by affidavit that she is an associate in the law firm of McGlinchey

Stafford, PLLC with 7 years of litigation experience.

The plaintiffs have failed to submit any evidence of the rates charged by

commercial litigation attorneys in this judicial district or the Lafayette legal

community.   However, in the undersigned's experience, these rates are in the range of

$175.00 to $275.00 per hour depending on experience.  The undersigned has found no

recent jurisprudence delineating reasonable hourly rates for attorneys practicing in the

Western District of Louisiana involved in commercial litigation. The undersigned

recognizes, however, that commercial litigation commands a higher rate than that

applicable to typical civil cases.  Recently the undersigned awarded $250.00 per hour

to a partner and $175.00 per hour for an associate involved in ERISA litigation.  Ernest

v. Louisiana Health Services & Indemnity Company, 6:12-2286 (W.D. La.) [1]

In this case, based on the qualifications and experience of Hicks and Lorio, the

undersigned's general knowledge of the hourly rates of partners and associated in this

legal community, and the fact that commercial litigation commands a higher rate, the

undersigned finds $250.00 per hour for Hicks and $175.00 for Lorio is a reasonable

hourly rate.

Lodestar Summary

In light of the above, the fees are calculated as follows: for Hicks 15.4 hours at

the reasonable hourly rate of $250.00 ($3,850.00); for Lorio 31.2 hours at the

reasonable  hourly rate of $175.00 ($5,460.00), for a total of $9,310.00.

*JOHNSON* ANALYSIS

The plaintiffs have cited the twelve *Johnson* factors, but do not seek

enhancement of the lodestar amount.  The lodestar is presumptively reasonable and

should be modified only in exceptional cases.  *City of Burlington v. Dague,* 505 U.S.

557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992).  This is not such a case; the

---

[1]Seventeen years ago, Judge Little of the Western District of Louisiana approved hourly rates of $140.00 and $120.00 for attorneys in an ERISA action. *Conner,* 943 F.Supp. at 663. Last year, Judge Minaldi of the Western District of Louisiana found that $200.00 per hour was reasonable. *Insulators and Asbestos Workers Local 112 Pension and Trust Fund v. George*, 2012 WL 4059904, *1 (W.D. La. 2012).

lodestar requires no adjustment.

## COSTS AND EXPENSES

Plaintiffs also seek reimbursement of costs and expenses incurred by counsel in the total amount of $2,297.10.  These costs and expenses are primarily for computerized legal research.  The defendants complain that, "considering the limited scope of the issue"  these charges "are hard . . . to fathom."

Reasonable out-of pocket expenses may be awarded to a prevailing party "because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir. 1990).  Whether these expenses are reasonable is committed to the sound discretion of the trial judge.  *Id*.  Courts have indicated that the expense of reasonable computerized legal research is recoverable not as a "cost", but rather as a component of an award of attorneys fees.  *See United States v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2nd Cir.1996), *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir.1994), and *Johnson v. University College of the Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1209 (11th Cir.1983).  While it appears that the Fifth Circuit has not addressed this issue, in light of *Associated Builders* and given that such expenses are normally charged to fee-paying clients, the undersigned concludes that the Fifth Circuit would adopt the rationale of these cases permitting recovery of reasonable

computerized research expenses.  *See also Taylor v. Washington Mutual, Inc.,* 2015
WL 5024508, *10 (W.D. La. 2015) (awarding Westlaw expenses); *Beauregard Parish
School Board v. Honeywell, Inc*., 2008 WL 4180917, *3 (W.D. La. 2008) (same).
Moreover, the undersigned does not find that these charges are unreasonable.

The defendants objection to reimbursement of these expenses is overruled.
Accordingly, $2,297.10 in costs and expenses are awarded.

## CONCLUSION

For the reasons assigned hereinabove, the sum of $9,310.00 in attorneys' fees for
the services of M. Brent Hicks and Kimberley Higginbotham Lorio and $2,297.10 in
costs and expenses are awarded to plaintiffs, SBA Towers II, LLC and Velocitel, Inc.
d/b/a FDH Velocitel.

Signed this 13th day of October, 2015 at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**